Argued November 22, reversed December 16, 1974, reconsideration denied January 15, petition for review denied January 21, 1975

DAVIS, *Respondent, v.* STATE ACCIDENT INSURANCE FUND (No. 404 228), *Appellant.*

528 P2d 1366

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem.

*Keith E. Tichenor,* Portland, argued the cause for

respondent. With him on the brief were Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY Judges.

LANGTRY, J.

State Accident Insurance Fund appeals from a circuit court determination that claimant's atrial fibrillation (heart disease) was precipitated by stress and anxiety in connection with his job as a vocational rehabilitation counselor. We now review the transcript and record de novo to make our successive determination. The hearing officer and the Workmen's Compensation Board determined that the heart condition was not job-related and refused claimant's applications for benefits because they had not been proved by a preponderance of the evidence.

The record shows that claimant had two disabling heart seizures diagnosed as atrial fibrillation, the first on November 4, 1972 and the second on November 30, 1972. He was 61 years old at the time. Claims were filed for each, and they were consolidated for processing and hearing. The first seizure was while he was at home on a weekend near Olympia, Washington. He traveled back and forth on weekends to his home from his job location in Portland. The second occurred while he was attending a job-related conference in Portland. In each, he was hospitalized.

Claimant had been a counselor with the Vocational Rehabilitation Division since 1964 and had been located successively at Medford, Grants Pass, Astoria and Portland. During much of this time his

family lived in the Olympia area where they had a large and then a small acreage, both of which they farmed. Claimant commuted back and forth frequently on weekends. He had been located for work purposes in Portland from February 1972 where he had a different kind of counseling workload than he had previously been accustomed to. He testified that his supervisor was unusually exacting and that his caseload was heavy. Cross-examination disclosed that after his work relocation in Portland, before the heart seizures, he had taken substantial sick and vacation time off, one single stretch in July and August 1972 lasting for five continuous weeks. Cross-examination also revealed that the hospital record from Olympia, Washington which was introduced in connection with the November 4 seizure showed that he had gone to the same hospital on an emergency basis in July 1972 and that an EKG at that time showed he then had atrial fibrillation. He explained that dizziness he experienced while operating a farm tractor (which he attributed to a previous vehicle accident) was the reason for that hospital visit.

Claimant's expert witness and one of his treating physicians was Dr. Donald Wysham, a Portland cardiologist, who testified that he found no condition in the heart to which he could attribute the atrial fibrillation. Considering the case history he had taken from claimant, Dr. Wysham concluded that the problem probably was related to anxiety tension stemming from the job. He testified on cross-examination that previous to his appearance as a witness he had not been aware of the atrial fibrillation EKG diagnosis in July 1972 but he said that such knowledge did not change his opinion as to the probable cause of the problem. He also testified that Dr. Marvin

Weinstein, who was also attending the claimant at the time of the second seizure in Portland, did not agree with his diagnosis. Referring specifically to the history of claimant's having exertional chest pain dating back two or three years, he said:

"* * * I don't have a clear account for it. I might say that Dr. Marvin Weinstein feels that the disease he has may be of the smaller arteries, which we may not be able to detect on our standard, usual methods. I can't exclude that possibility. Personally I cannot account for it; well, I don't have any adequate diagnosis."

On redirect examination he was again asked if the anxiety tension in his opinion was the most probable source of claimant's difficulty and he answered:

"That was my opinion; however, Dr. Weinstein was of a different opinion. I asked him what his opinion was, and he thought he probably had organic disease of the heart and/or lungs that was at a level that was not possible for us to diagnose by our relatively crude tools."

Dr. T. David Lee, also a cardiologist and internist who had inspected the medical records concerning claimant but had not personally examined claimant, unequivocally testified that in his opinion the anxiety caused by the job could have no causal connection with the atrial fibrillation. He named various conditions which studies have indicated can bring about atrial fibrillation and he stated that he knows of no study which indicates stress and anxiety is one of them.

In view of this record and the fact that the first two identifications of atrial fibrillation, regardless of how stressful the first one in July was, occurred at a time when claimant was not on the job

and only the third occurred on the job, we conclude as did the hearing officer and the Board that claimant failed to sustain his burden of proof by a preponderance of the evidence. *See Helmer v. SAIF,* 17 Or App 448, 522 P2d 231, Sup Ct *review denied* (1974); and *Schwehn v. SAIF,* 17 Or App 50, 53-54, 520 P2d 467, Sup Ct *review denied* (1973).

Reversed.